# EXHIBIT 6

# Notice of Collective Action and Opportunity to Join

**THIS NOTICE MAY AFFECT YOUR RIGHTS – PLEASE READ CAREFULLY IF YOU CURRENTLY WORK, OR HAVE WORKED, AS A SERVER OR BARTENDER FOR A FLANIGAN'S SEAFOOD BAR AND GRILL IN SOUTH FLORIDA AT ANY TIME AFTER APRIL 1, 2022.**

- The purpose of this notice is to inform Servers and Bartenders, both past and present, who have worked or currently work for Flanigan's Management Services, doing business as Flanigan's Seafood Bar and Grill in Florida (referred to as "Defendant"), that a collective action has been filed against Defendant in the United States District Court for the Southern District of Florida, for unlawful failure to pay minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"). *See Al Nawas Gampong v. Flanigan's Management Services, Inc. and Richard Eaton*, S.D. Fla. Case No. 1:25-cv-21494-KMM.

- Mr. Gampong alleges that Defendant violated the law in 3 ways: (i) it failed to record and compensate Servers and Bartenders for hours-worked over forty in a workweek; (ii) it failed to pay Servers and Bartenders full minimum wage when Servers and Bartenders spent more than 20% in a workweek performing non-tipped side work; and (iii) it failed to pay Servers and Bartenders full minimum wage when Servers and Bartenders were required to clock-out to perform non-tipped side work.

- Mr. Gampong brought this Action on behalf of himself and other former and present Servers and Bartenders who are similarly situated. The Court has not yet ruled on whether the Defendant violated federal law. However, you may be able to join the case as an opt-in Plaintiff.

- Multiple other employees have already opted to join this case, and you are entitled to do so as well. Under federal law, Defendant is **not allowed** to threaten you or otherwise retaliate against you for participating in this case.

- Your options are explained in this notice. To be included in this lawsuit your "consent to sue" (sample attached) must be mailed or emailed to Mr. Gampong's attorneys, Lee Meier Law by [this date]. Mr. Gampong's attorneys contact information is located on **pages 4, 5 and 6** of this notice. The Consent to Sue form that you are required to complete and submit is located on **page 8** of this notice.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS COLLECTIVE ACTION** | |
|---|---|
| **(Brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216)** | |
| ASK TO BE INCLUDED | **Join in the Lawsuit & Complete the Consent to Sue Form:** <br><br> By signing and returning a consent to sue form, you join the collective action as a party and may receive money or benefits that may result from settlement or a final hearing. |
| DO NOTHING | **Do Not Join the Lawsuit.** <br><br> By doing nothing, you retain your legal rights to bring a separate action against Defendants for any failure to abide by the Fair Labor Standards Act. If money or benefits are later awarded in this case, you will not share in them. If you choose to do nothing, you will also retain your right to sue the company with a lawyer of your own choosing. |

## BASIC INFORMATION

### 1. Why did I get this Notice?

Defendants' records indicate that you are or were employed as a Server or Bartender for Defendant after April 1, 2022. The claims Mr. Gampong alleges against the Defendants in his complaint were filed on March 31, 2025, on behalf of all former and current Servers and Bartenders who worked for Defendants in Coconut Grove, Florida. United States District Court Judge K. Michael Moore is overseeing the litigation, which is entitled: Gampong v. Flanigan's Management Services, Inc. and Richard Eaton, Case No. 1:25-cv-21494-KMM.

### 2. What is a collective action and who is involved?

This litigation is brought as a collective action under the Fair Labor Standards Act ("FLSA") by Mr. Gampong for himself and those "similarly situated" to him who choose to join the case. **You are not currently part of this collective action**. **To join this case as a plaintiff, your "consent to sue" form must be sent to Ms. Stafford's attorneys by [this date]**. If it is determined that an individual's claim is precluded because the individual is not "similarly situated" to Mr. Gampong, any such claims may be dismissed or severed from this lawsuit.

| *3.* | *Why is this a collective action?* |

The FLSA permits this kind of lawsuit to be filed as a "collective action," which permits one or more individuals to start a lawsuit, and for other "similarly situated" individuals to join the case to pursue their claims together. The Court overseeing this case has approved that this Notice be sent to you as someone who is potentially similarly situated to Mr. Gampong, so that you may decide whether or not to join the case.

## THE CLAIMS IN THE LAWSUIT

| *1.* | *What does the lawsuit complain about?* |

Mr. Gampong claims that the Defendants violated the Fair Labor Standards Act by requiring Servers and Bartenders to clock-out and/or falsely record fewer than forty hours worked in a workweek, in order to avoid paying overtime wages required under the FLSA. Mr. Gampong also claims the Defendants failed to pay Servers and Bartenders the applicable minimum wages for the non-tipped side work they performed. Mr. Gampong claims that Defendants' policies are illegal because they deprive employees of proper wages they are entitled to receive under federal law. As a result, Mr. Gampong claims that he is entitled to recover all minimum and overtime wages for all hours worked, including when he spent more than 20% of a workweek performing side work, and all overtime wages for hours worked over forty in a workweek. Mr. Gampong is seeking back pay, liquidated damages, and attorney's fees and costs for himself and all other Servers and Bartenders who worked for Defendants at any time after April 1, 2022.

| *2.* | *Has the court decided who is right?* |

The Court has not yet ruled on whether Defendants violated federal law. Mr. Gampong must prove the claims at a final trial unless the case is settled. *See* "THE TRIAL" section, below.

| *3.* | *What is Mr. Gampong asking for?* |

Mr. Gampong is asking for (1) unpaid minimum wages for each hour he worked off the clock; (2) unpaid overtime wages for each hour over forty in a workweek he worked off the clock; and (3) the full minimum wage for when he was required to spend more than 20% of a workweek performing side work. Mr. Gampong is also seeking an equal amount of liquidated damages and is asking the Defendants to pay for all of his legal fees and costs.

| *4.* | *Am I a part of this collective action?* |

**You are not currently a part of this collective action**. **In order to join this collective action your completed "consent to sue" form (sample attached) must be sent to Mr. Gampong's attorneys by [this date]. If the Court determines that you are not "similarly situated" to Mr. Gampong, your claims may be dismissed or severed from this collective action.**

| 5. | *Which former and current employees are included?* |

All Server and Bartenders who worked for Defendants in Coconut Grove, Florida, after April 1, 2022, who: (a) were not paid one-and-a-half their regular rate of pay for hours worked over forty in a workweek; and (b) were required to spend more than 20% of any workweek performing non-tipped side work.

| 6. | *Will joining the lawsuit create problems in my current or former employment relationship with Defendant?* |

Federal law prohibits Defendant from discriminating or retaliating against you in any way because of your decision to participate in this litigation.

| 7. | *I'm still not sure if I am included?* |

If you are still not sure whether you are included, you can get free help by calling or writing to the lawyers representing Mr. Gampong in this case. The attorneys representing Mr. Gampong and other Servers and Bartenders are Alex Meier, Esq., and Lydia Chastain, Esq. These Employment Law attorneys can be reached by calling or emailing them as set forth below:

**Phone -**

**Email** – ameier@leemeier.law and lchastain@leemeier.law

## YOUR RIGHTS AND OPTIONS

| 1. | *How do I join this collective action?* |

In order to join, or "opt in" to this collective action, you must sign a "Consent to Sue" form and send it to Mr. Gampong's attorneys by [this date]. A sample "Consent to Sue" form is attached to this notice. You may send the completed "Consent to Sue" form to Lee Meier Law, **Attn: Flanigan's Collective Action,** 695 Pylant Street, #105, Atlanta, GA, 30306. Your "Consent to Sue" form may also be submitted electronically by e-mailing it to **ameier@leemeier.law** or **lchastain@leemeier.law.** For an electronic copy of the Consent to Sue Form, please email Mr. Gampong's attorneys by no later than[this date]. Returning the completed forms on time does not guarantee that you will be paid any particular amount of money.

4

### 2. What are the effects of joining this lawsuit?

By joining this collective action, you may receive money from the Defendants as a result of this Action. If you join this collective action and you are entitled to money from Defendants, either as a result of settlement or a final trial, you will be notified. Keep in mind that if you join this collective action now, regardless of whether the Plaintiff wins or loses, you will not be able to sue or continue to sue Defendants as a part of any other lawsuit about the same claims that are the subject of this Lawsuit.

If you decide to join this action, you will be bound by any orders or judgment rendered in this case, whether it is favorable or unfavorable. By agreeing to participate in this lawsuit, you may be required to provide information, sit for depositions, and testify at a final hearing. By signing and returning the "Consent to Sue" form attached to this notice, you are agreeing to be bound by Mr. Gampong's decisions concerning this litigation, the method and manner of conducting this litigation, the fee agreement between Mr. Gampong and his attorneys, and all other matters relating to this lawsuit.

### 3. What are the effects of not joining this lawsuit?

If you choose to not join this collective action, you do not need to take any affirmative steps. If you decide not to participate in this lawsuit, you will not get any money from it even if the Plaintiff obtains money as a result of settlement or a trial. If you do not join this lawsuit, you will not be legally bound by the Court's orders and judgments in this collective action. You may be able to sue on your own, to the extent permitted by law. If you already have an identical or similar FLSA overtime suit against the Defendants, and want to continue it, you should not join this collective action. If you want to initiate your own individual lawsuit against the Defendants regarding these claims, you should not join this lawsuit. If you choose not to participate in this lawsuit, you should consider talking to a lawyer soon, because your claims may be subject to the statute of limitations.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

### 1. Do I need a lawyer in this case?

The law firm **Lee Meier Law** currently represents Mr. Gampong and at least 3 other Servers and Bartenders in this collective action and offers to represent similarly situated employees. More information about **Lee Meier Law**, its practice and experience is available on the internet at **www.leemeier.law** or by calling **[]**.

| *2.* | *May I use my own lawyer?* |

If you wish, you may participate in this lawsuit by retaining the services of a lawyer of your own choosing. If you decide to participate in this suit through another attorney, your attorney must file a separate lawsuit.

| *3.* | *How will the lawyers be paid?* |

If Lee Meier Law obtains money for individuals who join this collective action, they may petition the Court for an award of attorney fees and costs to be paid by the Defendants on your behalf. The fees retained by the attorneys will be either the amount received from Defendants as ordered by the Court, or by the contingency fee arrangement with Mr. Gampong and his attorneys, whichever is greater. A copy of the contingency fee agreement executed by Mr. Gampong and the law firm **Lee Meier Law** may be obtained upon request.

## THE TRIAL

**The Court has not scheduled a final trial to decide who is right in this case**

| *1.* | *How and when will the Court decide who is right?* |

If the case is not resolved by settlement or through other legal filings, Plaintiff will be required to prove his claims at a jury trial. A trial date has not yet been set. During the trial, the Court will allow the Parties to present all of the evidence to help the jury reach a decision about whether the Plaintiffs or the Defendants are right about the claims in the case.

| *2.* | *Do I have to come to the trial?* |

If the case goes to a trial, you may have to provide written or oral testimony about your claims. **Lee Meier Law** will present the case for the Plaintiffs and the Defendants will present their own defense through their respective counsel.

| *3.* | *Will I get paid after a trial?* |

If your consent to sue is sent to **Lee Meier Law** by [this date], and you are entitled to receive money from the Defendant for your claims, you will be notified. There is no guarantee that Defendants will pay, even if Plaintiff prevails. We do not currently know how long this might take.

6

| 4. | *Are more details available?* |
|---|---|

Please do not call the Court for assistance. Any question or requests for further information about this notice or lawsuit should be directed to the Plaintiff's attorneys whose information is displayed below:

Alex Meier, Esq. (lead counsel)
Lee Meier Law
695 Pylant Street N.E., #105
Atlanta, GA 30306
Ph: 407-620-3732
ameier@leemeier.law

Lydia Chastain, Esq.
Lee Meier Law
695 Pylant Street N.E., #105
Atlanta, GA 30306
Ph: 404-905-8699
lchastain@leemeier.law

**CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT**

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"),

1. I consent and agree to pursue claims for compensation arising out of my employment as a Server and/or Bartender for Flanigan's Seafood Bar and Grill in Coconut Grove, Florida, in connection with this case, *Al Nawas Gampong v. Flanigan's Management Services, Inc. and Richard Eaton, S.D. Fla. Case No. 1:25-cv-21494-KMM*.

2. I work/worked as a Server and/or Bartender for Flanigan's Seafood Bar and Grill in Coconut Grove, Miami, Florida, from in or around _____ (month/year) until on or about _____ (month/year).

3. During periods of my employment within the past 3 years with Flanigan's Seafood Bar and Grill I was paid the reduced minimum wage for a tipped employee and was subject to any of the following pay policies:

   _____ I worked more than forty hours in a work week without being paid one-and-a-half times my regular rate of pay.

   _____ I did not record and receive compensation for all of my hours worked.

   _____ I had to spend more than 20% of one or more workweek on "non-tipped" duties and side work.

4. I understand that this action is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. seq. I wish to assert a claim against the Defendants and hereby consent and opt-in to this lawsuit. I agree to be bound to any judgment or decision or any settlement of this action. I designate the named plaintiff to make all decisions on my behalf concerning the method and manner of conducting the case. I also designate the named plaintiff to decide whether or not to settle the case and to enter into an agreement with Plaintiff's counsel regarding attorney's fees and court costs, and to make decision regarding all other matters pertaining to this lawsuit.

5. I hereby designate the firm of Lee Meier Law, located at 695 Pylant Street N.E., #105, Atlanta, GA, 30306, to represent me for all purposes in this action.

6. In the event this action is decertified, I authorize Lee Meier Law to re-use this consent form to re-file my claims in a separate or related action against the Defendants.

_____    _____    _____

Print Full Legal Name              Signature                                   Date

8

**Client Information Sheet**
**(To be Returned to Plaintiff's Counsel with your Consent to Sue Form)**

Full Name: _____

Address: _____

_____

Phone Number(s): _____

_____

Email: _____

Job Title for Defendants: _____

Working Location (city & state): _____

Work Schedule: _____

_____

Supervisor Name: _____

Estimated Dates of Employment: _____

Estimated Hours of Work Per Week: _____

**THIS INFORMATION IS FOR PLAINTIFF'S COUNSEL ONLY AND <u>WILL NOT</u> BE MADE PUBLIC**