**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 25-cv-21494-KMM

Al Nawas Gampong, on behalf of himself and
All those similarly situated individuals,

Plaintiff,

v.

Flanigan's Management Services, Inc. and Richard
Eaton,

Defendants.
_______________________________________/

**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND TO STRIKE ALLEGATIONS FROM PLAINTIFF'S COMPLAINT RELATING TO DISALLOWED CLAIMS**

COMES NOW the Defendants, and file this Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to Stike Allegations Relating to Disallowed Claims pursuant to Federal Rule of Civil Procedure 12(f), and state:

## INTRODUCTION

Plaintiff's Amended Complaint is replete with factual accusations which the Plaintiff knows are false, but even assuming these facts were true, Plaintiff seeks relief for legal theories under the Fair Labor Standards Act ("FLSA") which are no longer recognized by Federal Law. These disallowed claims must be dismissed, and the accompanying allegations stricken from Plaintiff's Amended Complaint.

Plaintiff filed a three-count Amended Complaint seeking: (1) overtime compensation for hours he alleges he worked after clocking out; (2) compensation for hours he alleges he worked after clocking out when his work week did not exceed forty hours; and (3) a $3.02 tip credit for

each hour worked as a server because he alleges he spent more than 20% of his time as a server performing non-tipped duties. Plaintiff's third count, seeking tip credit pay is no longer recognized as a cognizable claim after the Department of Labor regulations codifying the "20% rule" were vacated by the 5th Circuit Court of Appeals. *Restaurant Law Center v. U.S. Dept. of Labor*, 120 F.4th 163, 177 (5th Cir. 2024) (vacating the 20% rule and returning 29 C.F.R. §531.56 to its 1967 text).

Plaintiff has alleged facts relating to the 20% rule throughout his Amended Complaint and replead those allegations into counts I and II. These allegations should be stricken from Plaintiff's Amended Complaint so that Defendants may answer the legally-cognizable, but factually meritless, counts; assert affirmative defenses applicable to Plaintiffs remaining allegations; and proceed to demonstrate that Plaintiff received all compensation owed to him for hours worked.

## ALLGATIONS RELATING TO DEFENDANTS' MOTION[1]

Al Nawas Gampong alleges he was an employee of Flanigan's Management Services, Inc. and its restaurant manager Richard Eaton at the Flanigan's Seafood Bar and Grill located in the Coconut Grove neighborhood of Miami, Florida between June 2, 2024 and March 3, 2025- working as a server. Amended Compl. ¶¶ 7-11, D.E. 14.[2] He alleges that in addition to serving customers directly, Defendants required him to "perform related duties that are not themselves directed towards producing tips". Compl. ¶30. Servers and Bartenders are tasked with "cleaning and wrapping silverware, refiling condiment bottles, setting tables, prepping the bar, and making coffee" for approximately 10 minutes each hour that they are also actively attending to restaurant

[1] Although Defendants describe the allegations in the Amended Complaint so the Court may rule on Defendants' Motion, Defendants do not concede these factual allegations are true.
[2] For ease of reference and because the Amended Complaint is the current operative pleading to which this Motion is directed, Defendants will cite to this document as "Compl. ¶XXXX."

guests. Compl. ¶ 31. Servers and Bartenders are required to perform non-tipped duties before they begin serving customers when the restaurant opens for approximately 45-90 minutes, and they are required to perform non-tipped duties for 45-90 minutes after they finish serving guests during dinner shifts. Compl. ¶¶32 and 33. Each week, Plaintiff "routinely" spent more than 20% of his time at work performing non-tipped duties. Compl. 34. Defendants paid Plaintiff $3.02 less than the applicable minimum wage as a "tip credit," permitted under Florida and Federal law for workers who qualify as "tipped employees" as defined by 29 U.S.C. §203 (m). Compl. ¶ 40.

Plaintiff seeks several putative class and collective action certifications in his Amended Complaint, including certifying a class for:

> "**Tip Credit for Non-Tipped Work (Tip Credit Class)**: all tipped Servers and Bartenders who worked for Flanigan's during the Class Period who were paid less than the full Florida Minimum wage for non-tipped work, in any workweek in which non-tipped work accounts for more than 20% of the total hours worked per week.

Compl. ¶65 (b) (emphasis in original). He further alleges Flanigan's failed to pay the full minimum wage for non-tipped duties that exceeded 20% of the hours worked per week, repeatedly identifying issues related to the 20% rule as common questions of law and fact affecting the Putative Class. Compl. ¶¶ 73 and 77.

Although Plaintiff specifically seeks relief for alleged violations of the 20% rule in Count III, each count of the Amended Complaint begins by incorporating and restating paragraphs 1-77 of the Amended Complaint. Compl. ¶¶ 78, 89, and 104. Therefore, Plaintiff alleges facts and law relating to a disallowed legal theory in each of the counts of the Amended Complaint, permeating the entire pleading with improper allegations.

## MOTION TO DISMISS STANDARD

The two rules at issue here operate to ensure district courts expend their limited resources adjudicating only claims upon which relief can be granted, and that pleadings on those claims are focused on facts relating to those claims. See Fed. R. Civ. Pro. 12(b)(6) and 12(f). "To survive a motion to dismiss, a complaint must contain sufficient factual mater, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Of course, when ruling on a motion to dismiss, the court must take plaintiff's factual allegations as true and construe all inferences from those allegations in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008). When plaintiff's allege causes of action which are not viable under then-existing laws, those claims are properly dismissed with prejudice under Rule 12(b)(6). *HTC Leleu Family Trust v. Piper Aircraft, Inc*, 2012 WL 4982633 (S.D. Fla. Oct. 17, 2012) (dismissal subsequently vacated after the Florida Supreme Court changed controlling law regarding the economic loss rule).

Rule 12(f) allows district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

## MEMORANDUM OF LAW

After years of enacting and then subsequently withdrawing guidance on the interpretation of the FLSA, the U.S. Department of Labor ("DOL") sought to codify the 20% Rule ( the "Final Rule") through the rulemaking process in December 2021. Following the Supreme Court's decision in *Loper Bright*, the Fifth Circuit vacated the 20% Rule because this arbitrary "Final Rule" was "not in accordance" with the text of the FLSA. *Restaurant Law*, 120 F.4th at 175 (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369 (2024).

In its detailed analysis of the FLSA's tip credit allowance, the Fifth Circuit examined the text of the law; the text of the original regulations relating to the tip credit, the "dual jobs" regulation; and the practical effect of establishing an arbitrary percentage of time a tipped-employee may spend on tasks related to their tipped-producing duties when those related tasks do not directly produce tips. *Restaurant Law*, 120 F.4th at 166. The FLSA allows an employer to take a tip credit when paying the wages of a "tipped employee." *Id*. (citing 29 U.S.C. §203(m)(2)(A)). A "tipped employee" is "any employee engaged in an occupation in which [they] customarily and regularly receives more than $30 a month in tips." *Id*. (citing 29 U.S.C. §203(t)).

The year after Congress added the tip credit to the FLSA, the DOL issued the "dual-jobs" regulation as part of the regulation further defining a "tipped employee" which specifies "tipped employees" are defined by the "occupation in which [they] are engaged." 29 C.F.R. §531.56 (a). The "dual-jobs" clause states "in some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter." 29 C.F.R. §531.46(e). When the employee occupies "dual-jobs" the employer may only take a tip credit for the work performed as a tipped employee, and the employer may not take a tip credit for work performed in the unrelated occupation. *Id*. The concept of "dual-jobs" is distinguished from " a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee, and occasionally washing dishes or glasses." *Id*. The 1967 "dual jobs" regulation concludes by stating "Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips." *Id*.

From 1979 to 1985 the DOL issued guidance interpreting the "dual jobs" regulation to restrict the tip credit availability. *Restaurant Law*, 120 F.4th at 167. In 1988, the DOL published the 80/20 rule in its subregulatory Field Operations Handbook, interpreting the "dual jobs"

regulation to conclude that a maximum of 20% of a tipped employee's time may be spent on non-tipped activities related to the tipped occupation in order for the employer to claim a tip credit. The current version of the DOL's Field Operations Handbook does not include arbitrary percentages which dissect the duties of a tipped employee. See *DOL Field Operations Handbook*, 30d06 (March 3, 2023 and Jan. 14, 2025) (notably this document was published under the previous Presidential administration which promulgated the "Final Rule" vacated by *Restaurant Law*).

Pursuant to the 1988 Field Operations Handbook, the 20% Rule was the accepted interpretation of the "dual jobs" regulation for 21 years from 1988 to 2009 and again from 2009 to 2018. In 2018 the DOL withdrew the 20% Rule and in 2020 proposed a regulation rescinding the 20% Rule and tracking the text of the FLSA and 29 C.F.R. §531.46(e) to specify any amount of related, non-tipped producing work would not violate the "dual jobs" clause. *Restaurant Law*, 120 F.4th at 167. In December 2021 the DOL reversed paths again and proposed the "Final Rule" codifying the 20% Rule and adding that related, non-tipped producing duties could not exceed 30 continuous minutes.

The Fifth Circuit looked to well-reasoned texts written by Judge Graber and Judge Ikuta of the Ninth Circuit and Judge Luck of the Eleventh Circuit when examining the practical difficulties of the 20% Rule, and ultimately concluding the 20% Rule is contrary to the plain text of the FLSA. *Restaurant Law*, 120 F.4th at 169-70 (citing *Marsh v. J. Alexander's LLC*, 905 F.3d 610 (9th Cir. 2018) (J. Graber dissenting, J. Ikuta dissenting) and *Rafferty v. Denny's, Inc.*, 13 F.4th 1166, 1179-80 (11th Cir. 2021) (J. Luck, concurring in result). These Judges each reasoned that the neither the text of the FLSA nor the text of the "dual jobs" regulation supported an arbitrary percentage breakdown of a tipped employee's duties. *Id*. As Judge Ikuta noted, "There is no job that can be described as more-than-20-percent-of-time-spent-on-untipped-realted-tasks, nor is

there a job that can be described as the five or ten minutes spent here and there on unrelated tasks." *Marsh*, 905 F.3d at 645.

The text of the FLSA allows a tip credit for "occupations" which generate $30 of tips per month. 29 U.S.C. §203(t). Under the 20% Rule, an employee is considered working as tipped employee for the moment they are actively serving customers, and not a tipped employee the moment that task is temporarily completed. Restaurant Law, 120 F. 4th at 173. The 20% Rule is not workable as an enforceable legal standard for employers and employees where servers may take an order from guests, then set some tables, then wait for the next guest to be ready to order or walk in the door. A bartender who retrieves a single beer from storage at the request of a customer is performing tipper-related work whereas a bartender who retrieves a case of beer to anticipate future orders is not performing tipped-related work, yet in both acts, the bartender is undoubtedly working in the occupation of a bartender. *Restaurant Law*, 120 F.4th at 176. How could a business accurately dissect a tipped employee's time on a moment by moment basis?[3]

Ultimately, the Fifth Circuit concluded that the Final Rule, codifying the 20% Rule was arbitrary, capricious, and unsupported by the text of the FLSA. It vacated the 20% Rule and returned the DOL regulations to their 1967 state. As the DOL Field Operations Handbook likewise omits the 20% Rule, there is no law requiring employers to limit the time a tipped employee spends on duties which directly produce tips vs. duties that support or relate to tip-producing duties. Consequently, Count III of Plaintiff's Amended Complaint does not state a cause of action upon which relief can be granted.

---

[3] Especially when nearly identical acts are accounted for differently depending on the intent associated with their performance.

**CONCLUSION**

For the reasons stated above, Count III of Plaintiff's Amended Complaint, which alleges he spent more than 20% of his time on tasks which relate-to, but do not directly generate tips, must be dismissed with prejudice because those facts cannot support a legally viable claim. Plaintiff's related request for class certification must also be dismissed. Finally, Plaintiff's references to the 20% Rule throughout the Amended Complaint should be stricken as immaterial to the remaining claims for relief.

WHEREFORE, the Defendants, respectfully request this Honorable Court enter an Order dismissing Count III of Plaintiff's Amended Complaint with prejudice, dismissing Plaintiff's request for class certification as they relate to the 20% Rule with prejudice, striking the allegations in Plaintiff's Amended Complaint relating to side work and the 20% Rule, and any other relief this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, I also certify that the foregoing document is being served this day on counsel of record in this action, Alexander C. Meier, Esq., Lee Meier Law Firm, 695 Pylant Street NE, Suite 105, Atlanta, GA 30306 (ameier@leemeier.law), and Elliot J. Siegel, Esq., King & Kiegel, LLP, 724 South Spring Street, Suite 201, Los Angeles, CA 90014 (elliot@kingsiegel.com).via transmission of Notices of Electronic Filing generated by CM/ECF.

ROBERTS, BASNUEVO & MACIAS, P.A.
Attorneys for Defendants
113 Almeria Avenue
Coral Gables, Fl 33134
Telephone: 305-442-1700
Fax: 305-442-2559
E-mail: roberts@robertspa.com
By: /s/: Javier A. Basnuevo Valdivia
JAVIER A. BASNUEVO VALDIVIA
Fla. Bar No.: 100509
H. CLAY ROBERTS, ESQ.
Fla. Bar No.: 262307