UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:25-cv-21494-KMM

Al Nawas Gampong, on behalf of himself and
all those similarly situated individuals,

        Plaintiff,

v.

Flanigan's Management Services, Inc. and
Richard Eaton,

        Defendants.

Class and Collective Action

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND TO STRIKE ALLEGATIONS FROM PLAINTIFF'S COMPLAINT RELATED TO DISALLOWED CLAIMS**

Defendants' motion cites the binding precedent that demonstrates why their motion must be denied. The Eleventh Circuit has directly held that non-tipped work accounting for more than 20% of a tipped-worker's time must be paid at the full applicable minimum wage, not the subminimum tipped wage. *Rafferty v. Denny's, Inc.*, 13 F.4th 1166, 1189 (2021). To argue otherwise, Defendants point to the concurrence in *Rafferty* while ignoring the decision's holding and out-of-circuit authority by the Fifth Circuit that addresses a withdrawn regulation. But Eleventh Circuit precedent controls. Accordingly, Defendants' motion to dismiss Count III of the Amended Complaint and to strike allegations supporting Count III must be denied.

**RELEVANT ALLEGATIONS**

Plaintiff Al Gampong claims that he and similarly situated servers and bartenders at Defendants' twenty-five restaurants routinely spent more than 20% of their time at work performing non-tipped duties. ECF No. 14, ¶¶ 31-34, 54. These non-tipped duties include cleaning and wrapping silverware, refilling condiment bottles, setting tables, prepping the bar, and making coffee. *Id.* at ¶ 31. Defendants paid Gampong and similarly situated servers and bartenders the

1

subminimum tipped wage for all their hours-worked, regardless of whether the work was tipped or untipped work. *Id.* at ¶¶ 35-40. Gampong seeks to certify a class of workers comprised of: "All tipped Servers and Bartenders who worked for Flanigan's during the Class Period who were paid less than the full Florida minimum wage for non-tipped work, in any workweek in which non-tipped work accounts for more than 20% of total hours worked per week." *Id.* at ¶ 65b.

## LEGAL STANDARD

Defendants move both (1) to dismiss Count III of the Amended Complaint for failing to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), and (2) to strike unspecified portions of the Amended Complaint that reference facts relevant to Cout III, pursuant to Rule 12(f).[1] As justification for both, Defendants claim the law does not support the requested relief. "A motion to dismiss, rather than a motion to strike, is the appropriate procedural mechanism for challenging a complaint for legal sufficiency in relation to ... elements of the claim." *Tiger Tool Int'l Inc. v. One Stop Distributors, LLC*, 2023 WL 11801287, n.2 (S.D. Fla. Sept. 26, 2023) (citing 71 C.J.S. Pleading § 631). Accordingly, a motion to dismiss standard governs here.

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. *Id.* It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

---

[1] A "court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). A motion to strike should be granted "only when required for the purposes of justice," and "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).

2

plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## **MEMORANDUM OF LAW**

In Count III of the Amended Complaint, Plaintiff seeks to recover the difference between the tipped wage Defendants paid and the Florida minimum wage (i.e., $3.02) for every hour he and similarly situated workers performed non-tipped work before, during, and after their shifts which amounts to more than 20% of their overall working hours. ECF No. 14, ¶¶ 105-112. Defendants, citing a decision by the Fifth Circuit, argue this tip credit cause of action "is no longer recognized as a cognizable claim," and should therefore be dismissed. ECF No. 20, p. 2. Defendants are wrong. The Eleventh Circuit expressly recognizes this cause of action for the facts as alleged in the Amended Complaint.

1. **In *Rafferty v. Denny's Inc*., after a lengthy review of the applicable statutory and regulatory background, the Eleventh Circuit found that non-tipped work accounting for more than 20% of a tipped-worker's time must be paid at the full applicable minimum wage, not the subminimum tipped wage.**

At the time the Eleventh Circuit issued its decision in *Rafferty v. Denny's, Inc*. (i.e., September 15, 2021), the only regulation addressing the application of the FLSA tip credit to non-tipped work was, **like now**, the Dual Jobs regulation, first promulgated in 1967. 29 C.F.R. § 531.56(e). In its analysis, the Eleventh Circuit first rejected as unworthy of *any* deference a now-withdrawn Department of Labor 2018 Opinion Letter[2] purporting to "remov[e] any limit on the time a tipped employee may perform non-tipped duties," finding that this Letter "flatly contradicts the dual-jobs regulation's ceiling on related duties at 'occasional[]' – or infrequent." *Rafferty*, 13 F.4th at 1185. Then, looking at the plain language of the Act and the Dual Jobs regulation and

---

[2] Wage and Hour Division withdrew Opinion Letter FLSA2018-27 on December 28, 2021.

3

applying "traditional tools of interpretation," the Eleventh Circuit concluded that the law requires there to be a maximum amount of time a tipped worker can perform related non-tipped work and still be paid the subminimum tipped wage. *Id.* at 1188-89 ("By using the term 'occasionally,' the dual-jobs regulation also informs us that a tipped employee may perform nontipped duties that are a part of her tipped occupation only 'from time to time[;] [n]ot habitual[ly]; infrequent[ly].'"). The Court then found that 20% was a reasonable maximum for related non-tipped work, over which the worker was entitled to full minimum wage. *Id.* at 1189 ("We conclude that a twenty-percent limit on the hours in which a tipped employee may perform untipped related tasks best complies with the temporal limits the regulation places on such duties.").

Since *Rafferty*, the Department of Labor has promulgated[3] and withdrawn[4] a regulation codifying another more robust rule limiting the application of the tip credit for related non-tipped work (the 2021 Tip Rule). The Department's rulemaking and subsequent withdrawal of the 2021 Tip Rule, however, does not affect the Eleventh Circuit's decision, which was issued before the 2021 Tip Rule existed. *See e.g., Clark v. H and S of Augusta, Inc.*, 2024 WL 5317292, at *4 (S.D. Ga. Aug. 19, 2024) (applying 80-20 rule as described by the Eleventh Circuit in *Rafferty*).

2. **The Fifth Circuit's decision in *Restaurant Law* vacated the Department of Labor's 2021 Tip Rule; it did not – and could not – overrule the Eleventh Circuit's decision in *Rafferty*.**

Defendants incorrectly state that in *Restaurant Law Center v. U.S. Dept. of Labor,* the Fifth Circuit "vacated the 20% Rule" and that therefore "there is no law requiring employers to limit the

---

[3] The Wage and Hour Division under President Biden issued a new Regulation amending the Dual Jobs Regulation (29 C.F.R § 531.56(e)), codifying the 80/20 rule and adding a new 30 minute maximum for consecutive non-tipped work. This 80/20/30 rule, also known as the 2021 Tip Rule, became effective December 28, 2021. 86 FR 60114.

[4] The Department announced on December 16, 2024, that it was officially withdrawing the 2021 Tip Rule. 89 FR 101884.

4

time a tipped employee spends on duties which directly produce tips vs. duties that support or related to tip-producing duties." ECF No. 20, p. 7. That is wrong; the Fifth Circuit vacated the Department of Labor's 2021 Tip Rule (which the Department has since withdrawn); however, its decision had no effect on the Dual Jobs regulation, upon which the Eleventh Circuit's *Rafferty* decision relies. *Restaurant Law*, 120 F.4th at 174 ("[I]n no way does our holding bear on the validity of the dual-jobs regulation, which is not challenged here").  Accordingly, the Fifth Circuit's decision does not undermine the Eleventh Circuit's decision holding – before the 2021 Tip Rule was ever promulgated – that the Act and the Dual Jobs regulation themselves limit non-tipped duties for tipped workers to a maximum of 20%. In fact, in *Rafferty*, the Eleventh Circuit *expressly rejected* Defendants' argument that a tipped worker can be required to do an unlimited amount of related non-tipped work. *Rafferty*, 13 F.4th at 1185. Defendants are clearly aware of this Eleventh Circuit case directly on point; they cite to the concurrence by Judge Luck in their Motion. ECF No. 20, p. 6. Defendants, however, do not acknowledge the holding of *Rafferty* in their Motion, nor do they even attempt to argue that the holding is not binding upon this Court.

This Court is bound to follow an Eleventh Circuit decision "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by [the Eleventh Circuit] sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008); *see Springer v. Wal-Mart Assocs. Group Health Plan,* 908 F.2d 897, 900 n. 1 (11th Cir. 1990). *Rafferty* has not been abrogated by regulation or a subsequent decision by the Eleventh Circuit or Supreme Court, and it therefore remains binding precedent that this Court must follow.

    **3.    Count III of the Amended Complaint states a valid cause of action under binding Eleventh Circuit law.**

Plaintiff alleges that he and similarly situated workers spent more than 20% of their work time performing non-tipped duties, yet they were paid the tipped wage for all hours worked. Under

5

binding Eleventh Circuit precedent at *Rafferty,* an employer must pay the full applicable minimum wage, not the subminimum tipped wage, for non-tipped work accounting for more than 20% of a tipped-worker's time. 13 F.4th at 1189. The facts alleged in the Amended Complaint therefore support a cause of action for the difference between the tipped wage and the Florida minimum wage ($3.02) for those hours. *See e.g., Clark*, 2024 WL 5317292, *4. Accordingly, Defendants' Motion to Dismiss must be denied.

## **CONCLUSION**

The Eleventh Circuit's *Rafferty's* decision is squarely on point here, clearly providing a 20% limit on related non-tipped duties for employers claiming the tip credit. Neither the Supreme Court nor the Eleventh Circuit sitting *en banc* has overruled *Rafferty* or undermined it in any way. Accordingly, Count III of Plaintiff's Complaint is supported by the law and Defendants' Motion must be denied.

[*signature block on following page*]

Respectfully submitted, this 16th day of May, 2025.

*s/ Alexander C. Meier*
Alexander Meier
Fla. Bar No. 1011557
Lydia J. Chastain (*pro hac vice*)
Ga. Bar No. 142535
LEE MEIER LAW FIRM
695 Pylant Street NE, Suite 105
Atlanta, Georgia 30306
Telephone: (404) 474-7628
ameier@leemeier.law
lchastain@leemeier.law

Elliot J. Siegel (*pro hac vice*)
KING & SIEGEL LLP
724 South Spring Street, Suite 201
Los Angeles, California 90014
elliot@kingsiegel.com
tel: (213) 465-4802
fax: (213) 465-4803

**COUNSEL FOR PLAINTIFF AND THE COLLECTIVE/PUTATIVE CLASSES**

## CERTIFICATE OF SERVICE

I certify that, on May 16, 2025, I filed a copy of the foregoing via CM/ECF, which will automatically send notice to all counsel of record.

*s/ Alexander C. Meier*
Alexander Meier
