**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 25-cv-21494-KMM

Al Nawas Gampong, on behalf of himself and
All those similarly situated individuals,

Plaintiff,

v.

Flanigan's Management Services, Inc. and Richard
Eaton,

Defendants.
_______________________________________/

**RESPONSE TO MOTION FOR CONDITIONAL CLASS CERTIFICATION**

COME NOW the Defendants, and file this Response to Plaintiff's Motion for Conditional Class Certification, and state:

**INTRODUCTION**

Plaintiff seeks to certify a class of servers and bartenders who worked at all Flanigan's restaurants, across all of South Florida, who were not paid one-and-a-half times their regular rate of pay for hours worked over forty per week. Plaintiff has not presented evidence that other similarly situated employees intend to join this limited class, nor has Plaintiff presented sufficient evidence to establish that other employees are similarly situated to the Plaintiff and Opt-in Plaintiff's. Plaintiffs' affidavits do not engage the Defendants' counter-affidavits, as required by Rule 23, because Plaintiff's unsupported and conclusory allegations defy reality. The reality is that Flanigan's computerized time records show the Plaintiff's allegations are not true.

This Court must exercise "discretion" and only authorize notice to non-party employees "in appropriate cases." *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 886 (11th Cir. 1983). Here,

conditional certification is not appropriate. Defendants' counter-affidavits and contemporaneous time records establish that their employees were paid overtime for all hours worked over forty. Moreover, this evidence establishes that Plaintiff's reproduced allegation, that managers instructed servers and bartenders to clock out and continue working "as soon as your last table cashes out," requires individualized factual findings because the contemporaneous time records and table receipts show each Plaintiff did not clock out "as soon as [their] last table [cashed] out." This evidence defeats Plaintiff's barebone allegation of a common policy to violate the FLSA, and Defendant must be entitled to cross-examine each Plaintiff on the truthfulness of their claim. Plaintiffs' affidavits likewise fail to identify any specific employees, beyond the current Plaintiffs, who desire to join the lawsuit. To "avoid the stirring up of litigation through unwarranted solicitation," Plaintiff's Motion must be denied. *Gonzalez v. Winn-Dixie Stores, Inc.*, 2014 WL 4665468, *5 (S.D. Fla. Sept 14, 2014).

**LEGAL STANDARD**

The FLSA allows plaintiffs to file collective actions where other aggrieved workers may seek to join the lawsuit by filing written consents with the Court. See 29 U.S.C. §216(b). District courts are empowered with discretion to conditionally certify a class only when Plaintiff establishes " a reasonable basis for their claim of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007). Although this standard is "fairly lenient" at the conditional certification stage, a plaintiff must satisfy the Court that there are other employees who: (1) are similarly situated to the named plaintiff and (2) desire to opt into the class. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). Ultimately, "plaintiffs bear the burden of demonstrating a 'reasonable basis' for their claim of class wide" relief. *Id*.

"The burden is on the plaintiff to produce evidence demonstrating aggrieved individuals exist within the proposed class." *Gonzalez*, 2014 WL 4665468 at *2. "indeed, federal courts across the Middle and Southern Districts of Florida have routinely denied requests for conditional certification where plaintiffs attempt to certify a broad class based only on the conclusory allegations of a few employees." *Simkins v. Pulte Home Corp.*, 2008 WL 3927275, *2 (M.D. Fla. Aug. 21, 2008)

Although district courts possess discretion to conditionally certify a class in a two-step process, "nothing in the [Eleventh Circuit] precedent… requires district courts to utilize this approach." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001). Case management, including the decision to conditionally certify a class, belongs "soundly within the discretion of the district court." *Id*. Defendants address the reasons why Plaintiffs do not meet this standard below.

## LEGAL ARGUMENT

Although Plaintiff's Amended Complaint sought class certification for various classes of employees, his Motion abandons several class claims and only argues for conditional certification of the following, limited class:

> **All current and former non-exempt Servers and Bartenders who worked at a Flanigan's Seafood Bar and Grill in the last three years preceding this lawsuit through the entry of judgment who were not paid one-and-a-half their regular rate of pay for hours worked over forty in a work week.**

D.E. 16 at 2. Consequently, Defendants will limit their Response to this narrowed request. Plaintiffs' claim centers on the allegation that they worked off-the-clock because "as soon as your last table cashes out, managers told you to clock out and do your side work off the clock." Gampong Aff. ¶15, Morris Aff. ¶12, Everett Aff. ¶13, and Gomez Aff. ¶12. To investigate this

claim, Defendants pulled the time records for Gampong, Morris, and Everett along with the receipts for their last table in each shift which they worked. See Kastner Aff. ¶¶21- 29. Defendants have provided the Court with those time records, copies of the receipts, and a chart for Gampong, Morris, and Everett comparing the time the last table cashed out with the time each employee clocked out. See Kastner's Aff Exhibits A, B, C, D, and E. The data overwhelmingly establishes that none of these claimants clocked out "as soon as" their last table cashed out. Kastner Aff. ¶¶24 and 25. Instead, the data shows these workers regularly clocked out at least 15 minutes after their last table cashed out. See Kastner's Aff Exhibits A, B, and C. Moreover, the data establishes that each employee was paid time-and-a-half for all hours worked over forty in a workweek. *Id*.

Servers and Bartenders clock in and out using a personalized pin code and a job code on a computer terminal which electronically records the hours worked. Every Server and Bartender at Flanigan's is given a printed receipt of their hours and pay at the end of each shift, and employees can access weekly wage and hour statements from the computer terminals inside the restaurant. Kastner Aff. Ex. F. None of the Plaintiff's affidavits state they complained of missing hours during their employment, when they had contemporaneous access to their own records. Notably, none of the Plaintiff's affidavits "successfully engage" with the computerized time records plainly proving their core allegation is false.

While Defendants understand the Court is not to assess credibility at this stage, the Court must determine whether common questions would predominate a determination of the merits of the case. *Mike v. Safeco Ins. Co. of America*, 274 F.Supp.2d 216, 220 (D. Conn. 2003) (refusing to conditionally certify an FLSA class where individualized questions about each employee's duties made certification impractical). Without a judicial finding that common questions will predominate the trial, conditional class certification does not further the interests of judicial

economy and "would undoubtedly present a ready opportunity for abuse." *Holt v. Rite Aid Corp.*, 333 F.Supp.2d 1265, 1270 (M.D. Ala. 2004) (denying conditional certification because the court's inquiry regarding whether employees are "similarly situated" required individualized determinations of job duties and time spent at work); *Hart v. JPMorgan Chase Bank, N.A.*, 2012 WL 6196035 (M.D. Fla. Dec. 12, 2012) (denying conditional certification where individualized determinations regarding whether each employee actually worked off the clock, whether time records were modified, and whether the supervisor for each worker knew of the off the clock work surpassed any common questions) *Santiago v. Sanders*, 2015 WL 12861244 (S.D. Fla. Jan 13, 2015) (denying conditional certification where "the Court would also need to make individualized determinations of the hours worked by each wheel technician."). At this stage, it is entirely proper for the Court to examine Defendant's evidence to determine whether individualized inquiries "would contravene the basic theory of judicial economy upon which the certification of collective action is based." *West v. Verizon Comm., Inc.*, 2009 WL 2999181 (M.D. Fla. July 29, 2009) (citing *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)) and (denying certification when plaintiffs testified they worked from 9 AM to 9 PM, but the contemporaneous time records provided by defendant demonstrated schedules varied from day to day for each individual).

## I. Plaintiffs have not established a reasonable basis to conclude that other similarly situated employees exist.

When deciding whether potential class members are similarly situated the Court should consider five factors: (1) whether plaintiffs all held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision-maker;

and (5) the extent to which the actions which constitute the violations claimed by plaintiffs are similar. *Smith v. Tradesmen Intern., Inc.*, 289 F.Supp.2d. 1369, 1372 (S.D. Fla. 2003). Defendants agree that Plaintiff and the proposed class members held the same job title, however, Plaintiff's affidavits on the remaining four factors do not establish entitlement to class relief.

Plaintiff argues that conditional certification and notice to potential class members is required immediately to preserve claims that may be barred by the statue of limitations if this Court does not act immediately. D.E. 16 at 16. Rushing to grant certification does not further the interest of justice, because conditional certification of a class that will later likely be decertified will only increase judicial labor and complicate an individualized, but otherwise straightforward case. To ensure that legal rights are preserved, Defendants stipulate that the date Gampong filed this Complaint will be the applicable cut-off for statute of limitations purposes.

**a. Plaintiff did not work in the same geographic location as the proposed class.**

Plaintiff worked solely at the Flanigan's located in Coconut Grove, Store 18. Gampong Aff. ¶2. He admits, as do the other affiants, that Richard Eaton, the general manager of that location, "set the schedule, assigned side work, and made decisions about when I clocked in and out." Gampong Aff. ¶5, Morris Aff. ¶4, Everett Aff. ¶4, and Gomez Aff. ¶4. Rather than limit their class to only employees in the geographic area covered by Mr. Eaton's policies, Plaintiff seeks to add all Flanigan's Servers and Bartenders across all of South Florida. This request is not supported by Plaintiff's evidence.

To bolster his request for a broad class, Plaintiff attaches an affidavit of a former assistant manager, Jennie Nicholas. However, Ms. Nicholas' stopped working for Flanigan's in December 2022, and was not present at the locations where Gampong, Morris, Everett and Gomez claim the off-the-clock work occurred. Nicholas Aff. ¶14. Moreover, Nicholas offers only hearsay that

Servers and Bartenders worked off-the-clock. Nicholas Aff. ¶12, See Fed. R. Evid. 801(c) and 802. She never testifies that Servers and Bartenders actually did perform work off-the-clock, only that she heard unnamed individuals tell others to do so. She never testifies that any Server or Bartender worked at any Flanigan's location without receiving the correct pay for hours worked.

Likewise, Gomez' affidavit tries to link the Coconut Grove, Doral, Westchester, and Pinecrest locations with a single sentence claiming that managers in those stores instructed Servers and Bartenders to "clock out to avoid recording overtime." Gomez Aff. ¶17. However, she does not actually state that any Server or Bartender worked off-the-clock for hours over forty per week. The FLSA prohibits an employer from failing to pay correct wages to its employees, the FLSA does not prohibit an employer from instructing workers to go home when they reach forty hours. It is Plaintiff's burden to support conditional certification with evidence. Plaintiff and his attorneys had the opportunity to craft these affidavits with the most favorable language the affiants would sign. Here, that language falls short of establishing the proposed class shares a geographic location, and therefore, the Motion must be denied.

**b. Whether the alleged violations occurred during the same time period**.

Plaintiff's affidavits are silent regarding the exact time period they claim these actions occurred. Their Motion for Conditional Certification is limited to only seeking time-and-a-half for hours worked over forty per week. Although they each generally assert that they worked between 45-90 minutes of unpaid work each shift, they do not specify in which time period or weeks they worked over forty hours per week. The plaintiff bears the burden to establish he performed work for which he was not properly compensated, and "against strong documentary evidence. . . testimony that is rife with inconsistencies. . ." does not create a triable issue of fact. *Estrada v. FTS USA, LLC*, 2016 WL 6157989 (S.D. Fla. Oct. 24, 2016). The earliest affiant who worked as

a Server or Bartender at the Coconut Grove Flanigan's is Maxwell Morris, who started in August 2023. Morris Aff. ¶2. Consequently, neither Defendants, nor the Court, can assess whether Plaintiff's claims are made within the same time period.

However, one fact is clear from the affidavits, no affiant worked at Coconut Grove Flanigan's for over two years, and no opt-in Plaintiff's claims stretch further than two years before April 2025. Neither do the affidavits allege facts to support that Defendants acted willfully. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008) (to prove a willful violation a plaintiff must prove his employer engaged in conduct he knew was prohibited by the statute or show a reckless disregard about whether it was). Therefore, there is no factual basis on the record to support Plaintiff's argument that a conditional class be certified for a 3 year period.

**c. Whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker.**

Plaintiff's own affidavits contradict his request for a company-wide class. Each affiant testifies that Richard Eaton was the person who dictated when each employee clocked out for each shift. Gampong Aff. ¶5, Morris Aff. ¶4, Everett Aff. ¶4, and Gomez Aff. ¶4. These affidavits also state that Mr. Eaton was the general manager of the Coconut Grove Flanigan's during their employment. Gampong Aff. ¶4, Morris Aff. ¶3, Everett Aff. ¶3, and Gomez Aff. ¶3. Each affidavit also contains the identical allegation that "The Restaurant uses a point-of-sale timekeeping system, so you can't clock out while you have open tables, however, as soon as your last table cashes out, the managers told you to clock out and do your side work off the clock." Gampong Aff. ¶15, Morris Aff. ¶12, Everett Aff. ¶13, and Gomez Aff. ¶12. However, no affidavit addresses the reality of the Defendants' computerized time records.

The true question in this case is: "Did workers clock out immediately after their last table cashed out and then perform work off the clock?" That question is impossible to answer without individualized comparisons of each employee's last table receipt and their clock out times. Each new potential plaintiff will need to sign onto Gampong's theory that Servers and Bartenders were instructed to, and did, clock out as soon as the last table closed. Defendant must then be entitled to cross-examine each new plaintiff with their own time records, to show the falsity of this claim. Rather than one, judicially efficient trial, Plaintiff seeks innumerous mini trials for each individual. Plaintiff is stirring up litigation through unwarranted solicitation by claiming a unified policy requiring Servers and Bartenders to clock out as soon as the last check closes when the computerized records demonstrate it does not. These individualized considerations defeat the judicial efficiency of a proposed class. *Mike*, 274 F.Supp.2d at 220; *Holt*, 333 F.Supp.2d at 1270; *Hart*, 2012 WL 6196035; *Santiago*, 2015 WL 12861244; *West*, 2009 WL 2999181.

To meet his burden, Plaintiff must "successfully engage" with Defendants' evidence. Each affiant received a printed receipt of his hours worked each shift. Kastner Aff. ¶13. Affiants possess the evidence to engage with Flanigan's computerized time records, but chose not to. Instead they broadly claim they were forced to clock out and continue working "as soon as their last table [cashed] out." This statement is easily disproved by the data provided by Defendant, and each affiant must have known the untruthfulness of the allegation when they read it. Regardless of the credibility or truthfulness of the statement, that broad, unspecific, and unsupported claim does not engage with Defendants' records. Plaintiff is required to do so to meet his burden here. This insufficiency requires that Plaintiff's Motion be denied.

**d. The extent to which the actions which constitute the violations claimed by Plaintiffs are similar.**

This last prong weighs in favor of the Defense for the same reasons articulated above. Although Plaintiff attempts to frame this case as one of similar violations, the time records establish a need for individualized inquiries regarding each individual's time worked. The Motion must be denied.

**II. Plaintiffs have not established a reasonable basis that other similarly situated employees wish to opt into the conditional class.**

Only one affidavit presented by the Plaintiff makes allegations regarding other employees who may wish to opt-in. Al Nawas Gampong concludes his affidavit saying, "I know additional current and former employees who would like to participate in this case, but are hesitant to join until the Court authorized notice is provided." His affidavit was signed on April 24, 2025, and on April 25, 2025 other employees opted into this lawsuit.

This vague allegation does not meet the standard for conditional certification. *Gonzalez v. Winn Dixie Stores, Inc.*, 2014 WL 4665468 (Sept. 18, 2014). In *Gonzalez*, Judge Altonaga addressed a similar, threadbare allegation: "I know that there are other potential Plaintiffs that I hope will join this lawsuit." *Id*. at *4. The Eleventh Circuit requires plaintiff to "at a minimum, identify specific employees— beyond the current ones— who desire to join the lawsuit." *Id*. When it is unclear whether additional plaintiffs wish to join the lawsuit apart from those already participating, the Plaintiff fails to meet his burden for conditional certification. *Id*.

Defendant has made limited inquires, to former Servers and Bartenders only, regarding whether they would be willing to join this lawsuit. One former employee, Marylor Protacio,

disputes Plaintiffs allegations of off the clock work, and asserts she will not join. Marylor Aff. ¶14.

Equally important, Gampong's affidavit fails to specify if these unnamed "current and former employees" are similarly situated in any way. The Court, and the Defendants, are left to guess at when these unnamed employees were employed, what job titles they held, whether they claim to have performed work off the clock, whether they claim to have worked over forty hours per week, and which Flanigan's location they worked at. Without these details, Plaintiff fails to meet his burden to establish other *similarly situated* workers wish to opt into the lawsuit, and the Motion must be denied.

**III. Plaintiff's proposed notice fails to properly notify potential class members of their rights and improperly solicits clients.**

Finally, Defendants object to Plaintiff's proposed notice. Should this Court grant any part of Plaintiff's request for class certification, Defendant requests the notice be amended in the following ways:

(1) correctly disclose the facts of the case including Defendants' denial of Plaintiff's claims [page one of Exhibit 6 omits any mention of Defendants' denial];

(2) be limited in scope to the request sought be Plaintiff- workers who worked over forty hours and were not paid time-and-a-half [throughout Exhibit 6 Plaintiff describes the class as (i) failing to record hours-worked over forty; (ii) failing to pay full minimum wage when Servers and Bartenders spent more than 20% of their time doing side work; and (iii) failed to pay full minimum wage when Servers and Bartenders were required to clock-out to perform non-tipped work; this description is much broader than the relief sought in their Motion];

(3) disclose that potential opt-in plaintiffs will be subject to their pro-rata share of taxable costs should their claims be denied [the notice is silent regarding taxable costs shared by the opt-in plaintiffs];

(4) disclose Defendant's counsel's contact information [the notice omits contact information for Defense counsel which may be used by persons who wish to oppose Plaintiff's fabricated assertions];

(5) disclose that potential opt-in plaintiff's may proceed pro se or with counsel of their choosing without filing a new lawsuit [The notice encourages potential plaintiffs to become clients of Plaintiff's counsel and discourages independent counsel by falsely claiming "If you decide to participate in this lawsuit through another attorney, your attorney must file a separate lawsuit"];

(6) include a copy of the agreement between Plaintiff and his counsel so that potential plaintiffs may be aware of the attorney's fee agreement they are consenting to [the current notice says the agreement is available upon request only, but that by joining the suit the potential plaintiff agrees to be bound by that agreement];

(7) limit the contact Plaintiff's counsel may have with persons who have not yet opted into this suit [advising that Plaintiff's counsel amy answer potential plaintiff's questions about the case improperly solicits clients];

(8) disclose that all claims must be proven by the greater weight of the evidence;

(9) advise that both Plaintiffs and Defendants are entitled to an appeal of certain adverse rulings;

(10) remove mention of potential "settlements;"

(11) advise potential opt in plaintiffs that they will be required to participate in discovery and potentially testify at trial [the current notice advises that they may give "written" testimony at trial, Defendant objects to written testimony by the Plaintiffs];

(12) share "Client Information Sheet" information with the Defendant upon receipt. Additionally, Defendant objects to any reminder notices, as they give the impression that the Court is encouraging potential plaintiffs to join the suit; and

(13) the notice should direct potential opt-in plaintiffs to mail their notice to the Clerk of Court for the Southern District of Florida, not Plaintiff's counsel.

Defendants suggest a notice similar to the notice provided by Judge Gold in *Lopez v. Valls Group, Inc.*, 2008 WL 11470804 (S.D. Fla. July 15, 2008), and that the notice be limited to two years as no evidence of willfulness has been produced.

## **CONCLUSION**

For the reasons stated above, The Defendant respectfully requests this Court deny Plaintiff's Motion for Conditional Class Certification in its entirety and issue any other relief this Court deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 28, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, I also certify that the foregoing document is being served this day on counsel of record in this action, Alexander C. Meier, Esq., Lee Meier Law Firm, 695 Pylant Street NE, Suite 105, Atlanta, GA 30306 (ameier@leemeier.law), and Elliot J. Siegel, Esq., King & Kiegel, LLP, 724 South Spring Street, Suite 201, Los Angeles, CA 90014 (elliot@kingsiegel.com).via transmission of Notices of Electronic Filing generated by CM/ECF.

ROBERTS, BASNUEVO & MACIAS, P.A.
Attorneys for Defendants
113 Almeria Avenue
Coral Gables, Fl 33134
Telephone: 305-442-1700
Fax: 305-442-2559
E-mail: roberts@robertspa.com
By: /s/: Javier A. Basnuevo Valdivia
JAVIER A. BASNUEVO VALDIVIA
Fla. Bar No.: 100509
H. CLAY ROBERTS, ESQ.
Fla. Bar No.: 262307